THE HONORABLE TANA LIN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MYCLERK, LLC,

     Plaintiff,

     v.

IMPINJ, INC.,

     Defendant.

No. 2:21-cv-00049-TL

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1.   <u>PURPOSES AND LIMITATIONS</u>

     Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any other than prosecuting this action may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

[PROPOSED] STIPULATED PROTECTIVE
ORDER
(No. 2:21-cv-00049-TL) –1

2.     DEFINITIONS

2.1     Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5     Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information

[PROPOSED] STIPULATED PROTECTIVE
ORDER
(No. 2:21-cv-00049-TL) –2

includes, for example, non-public financial information,[1] commercially sensitive and non-public sales or marketing related information, and commercially sensitive technical information.

2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE": Information or Items: Extremely sensitive "Confidential Information or Items" representing Source Code, and associated comments and revision histories, flow charts, artwork, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel: Attorneys who are employees of a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: Attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are employees of a law firm which has appeared on behalf of that Party.

2.12    Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, retrieving data in any form or medium, or jury consultants) and their employees and subcontractors.

---

[1] The Parties anticipate that some sales information may be shared with in-house counsel in the context of settlement discussions, should such discussions arise.

[PROPOSED] STIPULATED PROTECTIVE ORDER
(No. 2:21-cv-00049-TL) –3

2.15     Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16     Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.17     Source Code: Source Code includes human-readable programming language text that defines software, firmware, and integrated circuits.  Source Code also includes "include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP.  Source Code further includes, but is not limited to, GDSII files, Netlists, files containing Source Code in VHDL, Verilog, and other Hardware Description Language ("HDL") formats, including but not limited to, Register Transfer Level ("RTL") descriptions.  For clarity, this designation will not extend to documents that contain small portions of such code.

3.     SCOPE

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.

However, the protections conferred by this agreement do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this agreement, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the Designating

[PROPOSED] STIPULATED PROTECTIVE ORDER
(No. 2:21-cv-00049-TL) –4

158166918.1

1  Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

2  4.      DURATION

3          Even after final disposition of this litigation, the confidentiality obligations imposed by this

4  agreement shall remain in effect until and unless a Designating Party agrees otherwise in writing

5  or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal

6  of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein

7  after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

8  action, including the time limits for filing any motions or applications for extension of time

9  pursuant to applicable law.

10 5.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

11         5.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or

12 produced by another Party or by a Non-party in connection with this case only for prosecuting,

13 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

14 the categories of persons and under the conditions described in this agreement. Protected Material

15 must be stored and maintained by a Receiving Party at a location and in a secure manner that

16 ensures that access is limited to the persons authorized under this agreement. When the litigation

17 is terminated, a Receiving Party must comply with the provisions of section 14 below (NON

18 TERMINATION AND RETURN OF DOCUMENTS).

19         5.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

20 by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

21 confidential material only to:

22              (a)      the Receiving Party's Outside Counsel of Record in this action, as well as

23 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

24 information for this litigation;

25

26 [PROPOSED] STIPULATED PROTECTIVE
   ORDER
   (No. 2:21-cv-00049-TL) –5

(b)     up to four (4) officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) and who have been designated as, and disclosed to the Producing Party as, one of a maximum of four (4) officers, directors, and employees (including House Counsel) that may receive CONFIDENTIAL information or Items.[2]

(c)     Experts (as defined in this agreement) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and provided that no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 5.4;

(d)     the court and court personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors, as well as employees and/or subcontractors thereto, to whom disclosure is reasonably necessary for this litigation;

(f)     during their depositions, witnesses who are officers, directors, employees or 30(b)(6) designees of the Designating Party and to whom disclosure is reasonably necessary; witnesses who can be shown to have seen or had access to the document or information and to whom disclosure is reasonably necessary; for 30(b)(6) designees "reasonably necessary" shall be limited to documents that are related to the topics they were designated to testify regarding; or witnesses who can be shown to currently have authority to access such document or information and to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or

---

[2] Disclosure of officers, directors, and employees (including House Counsel) that may receive CONFIDENTIAL information includes: (a) setting forth the full name of the person and the city and state of his or her primary residence, and (b) identifying the person's current employer(s), titles, and job responsibilities.

[PROPOSED] STIPULATED PROTECTIVE ORDER
(No. 2:21-cv-00049-TL) –6

exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and,

(h)    any other person with prior written consent of the Designating Party.

5.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (3) as to whom the procedures set forth in paragraph 5.4, below, have been followed, and (4) provided that no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 5.4;

(c)    the court and its personnel;

(d)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors, as well as employees and/or subcontractors thereto, to whom disclosure is reasonably necessary for this litigation; and

(e)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or who currently has authority to access such document or information;

[PROPOSED] STIPULATED PROTECTIVE ORDER
(No. 2:21-cv-00049-TL) –7

(f)      during their depositions, witnesses who are officers, directors, employees, or 30(b)(6) designees of the Designating Party and to whom disclosure is reasonably necessary; witnesses who can be shown to have seen or had access to the document or information and to whom disclosure is reasonably necessary; for 30(b)(6) designees "reasonably necessary" shall be limited to documents that are related to the topics they were designated to testify regarding; or witnesses who can be shown to currently have authority to access such document or information and to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    5.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)      Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 5.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the

[PROPOSED] STIPULATED PROTECTIVE ORDER
(No. 2:21-cv-00049-TL) –8

preceding five years,[3] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Expert's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Expert.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the initial request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

---

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[PROPOSED] STIPULATED PROTECTIVE ORDER
(No. 2:21-cv-00049-TL) –9

1   discussions) and setting forth the reasons advanced by the Designating Party for its refusal to

2   approve the disclosure.

3       In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

4   of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

5   outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6       5.5   <u>Filing Protected Material</u>. Before filing Protected Material or discussing or

7   referencing such material in court filings, the filing party shall confer with the designating party,

8   in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will

9   remove the confidential designation, whether the document can be redacted, or whether a motion

10   to seal or stipulation and proposed order is warranted. During the meet and confer process, the

11   designating party must identify the basis for sealing the specific confidential information at issue,

12   and the filing party shall include this basis in its motion to seal, along with any objection to sealing

13   the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and

14   the standards that will be applied when a party seeks permission from the court to file material

15   under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the

16   requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

17   Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with

18   the strong presumption of public access to the Court's files.

19   6.   <u>DESIGNATING PROTECTED MATERIAL</u>

20       6.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party

21   or non-party that designates information or items for protection under this agreement must take

22   care to limit any such designation to specific material that qualifies under the appropriate

23   standards. The designating party must designate for protection only those parts of material,

24   documents, items, or oral or written communications that qualify, so that other portions of the

25

26   [PROPOSED] STIPULATED PROTECTIVE
ORDER
(No. 2:21-cv-00049-TL) –10

material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the word "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.  If only a portion or portions of the material in a document contain Protected Material, the Producing Party must also affix on the cover page of any such document a conspicuous notice that the document contains Protected Material and an identification of each of the levels of protection being asserted in the document.

[PROPOSED] STIPULATED PROTECTIVE ORDER
(No. 2:21-cv-00049-TL) –11

1         A Party or Non-Party that makes original documents or materials available for

2  inspection need not designate them for protection until after the inspecting Party has indicated

3  which material it would like copied and produced. During the inspection and before the

4  designation, all of the material made available for inspection shall be deemed "HIGHLY

5  CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

6  documents it wants copied and produced, the Producing Party must determine which documents,

7  or portions thereof, qualify for protection under this Order. Then, before producing the specified

8  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL,"

9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

10  – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of

11  the material on a page qualifies for protection, the Producing Party also must clearly identify the

12  protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

13  each portion, the level of protection being asserted.

14         (b)    <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the

15  Designating Party must identify on the record, before the close of the deposition, hearing, or other

16  proceeding, all protected testimony and specify the level of protection being asserted. When it is

17  impractical to identify separately each portion of testimony that is entitled to protection and it

18  appears that substantial portions of the testimony may qualify for protection, the Designating Party

19  may invoke on the record (before the deposition, hearing, or other proceeding is concluded), or in

20  writing served within 21 days after receiving a final transcript of the deposition, hearing or other

21  proceeding, a right to have up to 21 days after receiving the final transcript to identify the specific

22  portions of the testimony as to which protection is sought and to specify the level of protection

23  being asserted. Only those portions of the testimony that are appropriately designated for

24  protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

25  If no indication on the record is made, all testimony and information disclosed during a deposition

26  [PROPOSED] STIPULATED PROTECTIVE
ORDER
(No. 2:21-cv-00049-TL) –12

1  shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety

2  unless otherwise agreed, until the time within which it may be appropriately designated as provided

3  for herein has passed. Any Party that wishes to disclose the transcript that has been deemed

4  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as a result of no designation

5  having been made on the record at the time the testimony was given, or information contained

6  therein, may provide written notice of its intent to treat the transcript as non-confidential, after

7  which time, any Party that wants to maintain any portion of the transcript as confidential must

8  designate the confidential portions within 21 days after receiving the final transcript, or else the

9  transcript may be treated as non-confidential.  Pages of transcribed deposition testimony or

10  exhibits to depositions that reveal Protected Material must be separately bound by the court

11  reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective

12  Order.

13          Parties shall give the other parties at least 2 business days' written notice if they

14  reasonably expect a deposition, hearing or other proceeding to include Protected Material so that

15  the other parties can ensure that only authorized individuals who have signed the

16  "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The

17  use of a document as an exhibit at a deposition shall not in any way affect its designation as

18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

19          Transcripts containing Protected Material shall have an obvious legend on the title

20  page that the transcript contains Protected Material, and the title page shall be followed by a list

21  of all pages (including line numbers as appropriate) that have been designated as Protected

22  Material and the level of protection being asserted by the Designating Party. The Designating Party

23  shall inform the court reporter of these requirements. Any transcript that is prepared before the

24  expiration of a 21-day period for designation shall be treated during that period as if it had been

25  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

26  [PROPOSED] STIPULATED PROTECTIVE
    ORDER
    (No. 2:21-cv-00049-TL) –13

otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for its belief that the confidentiality designation was not proper for each challenged designation. To avoid ambiguity as to whether a challenge has been

[PROPOSED] STIPULATED PROTECTIVE
ORDER
(No. 2:21-cv-00049-TL) –14

1  made, the written notice must recite that the challenge to confidentiality is being made in

2  accordance with this specific paragraph of this agreement. The parties shall attempt to resolve each

3  challenge in good faith and must begin the process by conferring directly (in voice to voice

4  dialogue; other forms of communication are not sufficient) within 14 days of the date of service of

5  notice. In conferring, the Challenging Party must explain the basis for its belief that the

6  confidentiality designation was not proper and must give the Designating Party an opportunity to

7  review the designated material, to reconsider the circumstances, and, if no change in designation

8  is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the

9  next stage of the challenge process only if it has engaged in this meet and confer process first or

10  establishes that the Designating Party is unwilling to participate in the meet and confer process in

11  a timely manner

12      Any motion regarding confidential designations or for a protective order must include a

13  certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good

14  faith meet and confer conference with other affected parties in an effort to resolve the dispute

15  without court action. The certification must list the date, manner, and participants to the

16  conference.

17      7.3   <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

18  intervention, the designating party may file and serve a motion to retain confidentiality under Local

19  Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

20  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

21  made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

22  other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

23  the material in question as confidential until the court rules on the challenge.

24  8.    <u>PROSECUTION BAR</u>

25

26  [PROPOSED] STIPULATED PROTECTIVE
    ORDER
    (No. 2:21-cv-00049-TL) –15

Absent written consent from the Producing Party, any individual who accesses or reviews, directly or indirectly, another Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information of a technical nature shall not be involved in the prosecution of patents or patent applications relating to RFID (radio frequency identification) systems, including RFID ICs (integrated circuits), tags, modules, readers, writers, gateways, and software, and including without limitation the patents asserted at any time in this action and any patent or application claiming priority to or otherwise related to the patents asserted at any time in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly in any of the following activities: (a) drafting, amending, or advising on patent applications, specifications, claims or responses to office actions, or otherwise affecting the scope or maintenance of claims in patents or patent applications; and (b) providing advice to a Party regarding what patents or patent applications to acquire.[4]   To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a challenge to the validity of a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination *inter partes* review, post grant review, or covered business method review before the United States Patent and Trademark Office), and does not include providing legal advice regarding the validity, ownership, and assignment of patents and patent applications.   To avoid any doubt, nothing in these provisions is intended to preclude counsel from participating in actions relating to settlement of litigations between the Parties. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2)

---

[4] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

[PROPOSED] STIPULATED PROTECTIVE ORDER
(No. 2:21-cv-00049-TL) –16

years after final disposition of this action.  The bar shall only apply to individuals who access or review the designated information set forth above and shall not be imputed to that individual's firm.

9.      SOURCE CODE

(a)      To the extent production of HIGHLY CONFIDENTIAL – SOURCE CODE Information or Items becomes necessary in this case, a Producing Party may designate such Information or Items as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret Source Code or other Information or Items defined in section 2.8 above.

(b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in sections 5.3 and 5.4.

(c)      Any Source Code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The Source Code shall be made available for inspection on a secured computer ("Source Code Computer") in a secured room without Internet access or network access to other computers ("Source Code Review Room"), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

[PROPOSED] STIPULATED PROTECTIVE ORDER
(No. 2:21-cv-00049-TL) –17

(d)      The Producing Party shall install tools that are sufficient for viewing and searching the Source Code produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's Outside Counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools, which approval shall not be unreasonably withheld; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with a CD or DVD (or via other appropriate means, e.g., flash/thumb drive or file transfer) containing such licensed software tool(s) at least 14 days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(e)      No recordable media or recordable devices, including without limitation sound recorders, computers, tablets, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(f)      The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer, though they may make reference to words, phrases, and passages that appear in such Source Code.  Each page of any such notes containing Source Code information (and any additional notes, analyses, or descriptions relating thereto) must be marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

(g)      Access to and review of the Source Code shall be strictly for the purposes of investigating the claims and defenses at issue in this action.  Unless otherwise agreed by the Parties in writing, no person shall review or analyze any Source Code for purposes unrelated to this action,

1   and no person may use any knowledge gained as a result of reviewing the Source Code in this

2   action in any other pending or future dispute, proceeding or litigation.

3       (h)   No copies of all or any portion of the Source Code may leave the Source Code

4   Review Room except as otherwise provided herein.  Further, no other written or electronic record

5   of the Source Code is permitted except as otherwise provided herein.

6       (i)   The Receiving Party may request paper copies of limited portions of source code,

7   up to 500 pages, and no more than 25 consecutive pages, that are reasonably necessary for the

8   preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but

9   shall not request paper copies for the purposes of reviewing the source code other than

10  electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide

11  all such source code in paper form including bates numbers and the label "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." The Producing Party may

13  challenge the amount of Source Code requested in hard copy form pursuant to the dispute

14  resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the

15  "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute

16  resolution.

17      (f)   The Receiving Party shall maintain a record of any individual who has inspected

18  any portion of the Source Code in electronic or paper form. The Receiving Party shall maintain all

19  paper copies of any printed portions of the Source Code in a secured, locked area. The Receiving

20  Party shall not create any electronic or other images of the paper copies and shall not convert any

21  of the information contained in the paper copies into any electronic format. The Receiving Party

22  shall only make additional paper copies if such additional copies are (1) necessary to prepare court

23  filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for

24  deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during

25

26  [PROPOSED] STIPULATED PROTECTIVE
    ORDER
    (No. 2:21-cv-00049-TL) –19

a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

10.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that party must:

(a)   promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

[PROPOSED] STIPULATED PROTECTIVE
ORDER
(No. 2:21-cv-00049-TL) –20

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[5] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

---

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

[PROPOSED] STIPULATED PROTECTIVE
ORDER
(No. 2:21-cv-00049-TL) –21

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

The provisions of Fed. R. Evid. 502(b) are inapplicable to the production of documents or information under this Order. Specifically, there has been no waiver if a party discloses privileged or protected information inadvertently or otherwise, regardless of whether the party took reasonable steps to prevent the disclosure or to rectify the error.

Any party receiving any such documents or information shall return them to the producing party, upon request, within 5 business days of receiving such request, delete any versions of the documents it maintains, and make no use of the information contained therein regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Nothing in this Order shall prevent a receiving party from challenging the privilege or protection asserted by the producing party by following the procedure outlined in Section 7. The time periods herein can be extended if the parties agree in writing.

Disclosure of information or documents by the receiving party before the producing party designates the information as protected shall not be deemed a violation of this Order.

[PROPOSED] STIPULATED PROTECTIVE ORDER
(No. 2:21-cv-00049-TL) –22

14.     <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each Receiving Party must return all Protected Material to the Producing Party, including all copies, abstracts, compilations, extracts, summaries, and any other format reproducing or capturing any of the Protected Material, or destroy such material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this agreement as set forth in Section 4 (Duration).

15.     <u>MISCELLANEOUS</u>

15. 1   <u>Right to Further Relief</u>. Noting in this agreement abridges the right of any person to seek its modification by the court in the future

15. 2   <u>Right to Assert Other Objections.</u> By stipulating to the entry of this agreement no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this agreement. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this agreement.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

[PROPOSED] STIPULATED PROTECTIVE ORDER
(No. 2:21-cv-00049-TL) –23

158166918.1

1   DATED: September 7, 2022_____          /s/ *Philip P. Mann*_____
2                                              Attorneys for Plaintiff

3   DATED: September 7, 2022_____          /s/ *Stevan R. Stark*_____
4                                              Attorneys for Defendant

5        PURSUANT TO STIPULATION, IT IS SO ORDERED

6        IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

7   documents in this proceeding shall not, for the purposes of this proceeding or any other federal or

8   state proceeding, constitute a waiver by the producing party of any privilege applicable to those

9   documents, including the attorney-client privilege, attorney work-product protection, or any other

10  privilege or protection recognized by law.

11

12  DATED: 15th day of September 2022

13

14

15                                              Tana Lin
16                                              United States District Judge

17

18

19

20

21

22

23

24

25

26  [PROPOSED] STIPULATED PROTECTIVE
    ORDER
    (No. 2:21-cv-00049-TL) –24

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3       I, _____ [print or type full name], of

4 _____ [print or type full address], declare under penalty of

5 perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6 issued by the United States District Court for the Western District of Washington on [date] in the

7 case of *MyClerk, LLC., v. Impinj, Inc.*, Case No. 2:21-cv-00049-TL. I agree to comply with and to

8 be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

9 that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

10 I solemnly promise that I will not disclose in any manner any information or item that is subject

11 to this Stipulated Protective Order to any person or entity except in strict compliance with the

12 provisions of this Order.

13       I further agree to submit to the jurisdiction of the United States District Court for the

14 Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15 Order, even if such enforcement proceedings occur after termination of this action.

16 Date: _____

17 City and State where sworn and signed: _____

18 Printed name: _____

19 Signature: _____

20

21

22

23

24

25

26 [PROPOSED] STIPULATED PROTECTIVE
ORDER
(No. 2:21-cv-00049-TL) –25

158166918.1